UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO LAFLEUR                                    CIVIL ACTION

VERSUS                                             NUMBER 12-233-SDD-RLB

EAN HOLDINGS, LLC D/B/A
ENTERPRISE RENT-A-CAR, ET AL

ORDER

This matter is before the Court on a referral from the district court of Defendant, Morgan Corporation's ("Morgan"), Motion to Compel (rec. doc. 38), filed on April 30, 2013. According to Local Rule 7.4, any opposition to this Motion to Compel was required to be filed within twenty-one (21) days after service. Plaintiff's response to the Motion was due May 21, 2013. No opposition was filed. For the reasons set forth below, the Motion to Compel is **GRANTED**.

I.      BACKGROUND

Plaintiff's lawsuit, as alleged in his Complaint, seeks relief for injuries sustained when the rear door of a truck "owned and maintained by and rented from Ean Holdings, LLC d/b/a Enterprise Rent-A-Car . . . fell or otherwise came into contact with the plaintiff." (rec. doc. 1 at ¶ 5). Defendant, Morgan Corporation, was later added as a party. (rec. doc. 16 at ¶ 1d(d)). The Third Amended Complaint alleged that "Morgan Corporation is the manufacturer and/or installer of the box and door of the truck leased by [EAN]" and that the "negligence of Morgan Corporation in the installation and/or design of the box and/or door contributed to the injury . . ." (rec. doc. 16 at ¶ 10).

II.    **MORGAN'S MOTION TO COMPEL**

Morgan stated in its Motion that it propounded a Request for Production of Documents to

Plaintiff on November 8, 2012 (rec. doc. 38-4).[1]  Plaintiff's response to the Request for

Production of Documents was provided to Morgan on February 19, 2013 (rec. doc. 38-5).

Morgan alleges that Plaintiff's response is insufficient in that Plaintiff "failed to fully

respond to the Request for Production of Documents" and produced "no other information as

requested." (rec. doc. 38-1 at 1-2).  Morgan specifically objects to the sufficiency of the

responses to Request for Production Nos. 1, 2, 3, 11, 23, 24, 25, 26, 31, 32, 33, 34, 35 and 36.

The allegedly insufficient response is what led to the instant Motion to Compel.  As

stated above, Plaintiff failed to oppose Morgan's Motion to Compel.

III.   **ANALYSIS**

A.    **Request for Production Nos. 1, 2, 3 and 11**

In these requests, Morgan seeks any documents "referred to" in the accompanying

Interrogatories, any documents "identified" in the responses to the Interrogatories, "any and all

documents in your possession related to the incident," and "any and all exhibits, documentation,

or illustrations that will be used by you at any hearing and/or trial of this matter." (rec. docs. 38-

4 and 38-5).

In response to each of these requests, plaintiff provided some documents and replied that

"all documents in plaintiff's possession are attached."  Defendant's Motion to Compel alleges

that only medical records were attached to Plaintiff's responses and that they are vague and fail

---

[1] It appears that Interrogatories were also served on this same date.  The Motion to
Compel, however, only covers the Request for Production of Documents.

to identify what documents are responsive to what requests.  No other detail is provided to the

Court.  The Court also does not know what documents were "referred to" or "identified" in the

responses to the Interrogatories and therefore can only speculate as to whether medical records

are sufficient.  The Court is also unable to conclude that these responses are vague as alleged by

Defendant.

The Court notes, however, that Plaintiff's response is limited to documents in Plaintiff's

possession.  However, "Rule 34 is broadly construed and documents within a party's *control* are

subject to discovery, even if owned by a non-party.  Moreover, Rule 34's definition of

possession, custody or control, includes not only actual possession or control of the materials,

but also the legal right or practical ability to obtain the materials from a non-party to the action."

*White v. State Farm Mut. Auto. Ins. Co. et al*, No. 09-991, 2011 WL 3423388, at *2 (M.D. La.

Aug. 4, 2011) (quotations and citations omitted) (emphasis added).  The Court will therefore

order that Plaintiff conduct the necessary search of all sources and produce any responsive

documents located as a result of the search.  In the event Plaintiff has conducted the necessary

search of all sources but located no additional documents, Plaintiff shall affirmatively and clearly

state the same in a supplemental response to Defendant's Request for Production.

Plaintiff is also aware of Morgan's position that responses previously provided are vague

and fail to identify which documents are responsive to which request.  In its supplemental

response, Plaintiff is to determine whether clarification is appropriate in order to avoid the

necessity of another Motion to Compel.

**B.      Request for Production Nos. 23, 24, 25 and 26**

Request Nos. 23-26 request that Plaintiff return executed releases for medical, Internal

Revenue Service ("IRS"), employment, and Social Security records.  With respect to Request 23,

Plaintiff states that the executed authorizations are attached (rec. doc. 38-5 at 6).  Morgan states

that "while plaintiff claims that the medical releases are attached, no such releases were

provided." (rec. doc. 38-1 at 4).  Because the failure to attach the executed authorizations

appears to have been in error, the Court will order Plaintiff to provided the medical

authorizations as indicated in its response.

Request Nos. 24, 25, and 26 request authorizations for the release of records regarding

the Internal Revenue Service (Request No. 24), employers identified in Interrogatories (Request

No. 25) and the Social Security Administration (Request No. 26).  Plaintiff objected to each of

these requests in his response to Morgan on the grounds that "Plaintiff is not making a claim for

lost wages."

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain

discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . .

[and] [r]elevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."

The Complaint in this matter concerns Plaintiff's injuries alleged to have resulted from

the rear door of the rental vehicle.  Morgan argues in its Motion that Plaintiff's objection is

insufficient as the records obtainable with these authorizations may contain information relevant

to the claims and defenses asserted or may lead to the discovery of such evidence, such as

previous jobs working on trucks such as this one or other workplace injuries.

Plaintiff has chosen not to respond to Morgan's proffered basis for the relevance of this material. Plaintiff has not provided to the Court any explanation as to why these items could not be relevant notwithstanding the lack of a claim for lost wages. Plaintiff has likewise chosen not to address, and the Court is unaware of, any basis for asserting that any of the materials are privileged or otherwise not subject to disclosure beyond his assertion that he is not making a loss wage claim.

Morgan has made a showing that its Requests for Production are reasonably calculated to lead to the discovery of admissible evidence. The materials requested are non-privileged. Plaintiff has not responded. The Court will order Plaintiff to provided the requested authorizations that are the subject of Request Nos. 24, 25 and 26.

**C.     Request for Production Nos. 31, 32, 33, 34, 35 and 36**

In response to each of these requests, Plaintiff objected "to the production of such documents as this information was prepared in anticipation of litigation and in preparation for trial and, as such, is protected under the attorney-client privilege and/or work product doctrine and is not discoverable." As set forth above, Rule 26 limits discovery to materials that are "non-privileged." However, if a "party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the part must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The objections provided by Plaintiff fail to satisfy Rule 26(b)(5)(A). The Court will order Plaintiff to provide a privilege log in compliance with this Rule.

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff's failure to provide any responses or respond to this motion demonstrates that Defendant is entitled to reasonable expenses under this rule.[2]  Defendant Morgan did not submit anything to support an award of a particular amount of expenses and attorney's fees.  A review of the Motion and its accompanying Memorandum supports the conclusion that the amount of $200.00 is reasonable.

Accordingly, Defendant's Motion to Compel is **GRANTED.**

Within 10 days of the date of this Order, Plaintiff shall search all sources and produce any responsive documents covered under Request for Production Nos. 1-3 and 11.  If no additional responsive documents are located, Plaintiff shall affirmatively and clearly state the same in a supplemental response to production.

Within 10 days of the date of this Order, Plaintiff shall provide the requested authorizations as set forth in Request for Production No. 23-26.

Within 10 days of the date of this Order, Plaintiff shall produce a privileged log in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure concerning any

---

[2] These same facts show that Plaintiff's actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.

document, communication or tangible thing otherwise discoverable but not produced on the

basis of any claim of privilege in response to Request for Production Nos. 31-36.

Pursuant to Rule 37(a)(5)(A), Plaintiff is also ordered to pay to Defendant, within ten

days of this order, reasonable expenses in the amount of $200.00.

Signed in Baton Rouge, Louisiana, on June 10, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**